**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: _____**

| | |
|---|---|
| Jeffrey M. Vonasek, <br><br> Plaintiff, <br><br> v. <br><br> Bank of the West, Repossessors, Inc., John Doe Repossession Agent #1, individually, and John Doe Repossession Agent #2, individually, <br><br> Defendants. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

**INTRODUCTION**

1.    This action arises out of Defendants' unlawful repossession of Plaintiff's automobile and wrongful conversion of his personal property in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; Minn. Stat. § 336.9-609; and Minnesota state common law.

**JURISDICTION AND VENUE**

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692, 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for pendent state law claims.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendants conduct business in this District.

**PARTIES**

4.    Plaintiff, Jeffrey M. Vonasek (hereinafter "Plaintiff"), is a natural person who resides in the City of Osseo, County of Hennepin, State of Minnesota.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and a "consumer debtor" as defined by Minn. Stat. § 336.9-102(a)(22).

5.    Defendant, Bank of the West (hereinafter "Defendant BOTW"), is a national diversified financial services holding company incorporated under the laws of the State of California, is licensed to do business in the State of Minnesota and regularly conducts business within said State, and has a principal place of business located at 180 Montgomery Street, 8th Floor, San Francisco, California 94104.

6.    Defendant, Repossessors, Inc. (hereinafter "Defendant Repossessors"), is a domestic collateral recovery company incorporated under the laws of the State of Minnesota, is licensed to do business in the State of Minnesota and regularly conducts business within said State, and has a principal place of business located at 10939 89th Avenue North, Maple Grove, Minnesota 55369.    Defendant Repossessors is a "debt collector" as defined by 15 U.S.C. § 1692a(6) for the purposes of liability under 15 U.S.C. § 1692f(6).

7.    Defendant, John Doe Repossession Agent #1 (hereinafter "Defendant John Doe Agent #1"), is, upon information and belief, a natural person employed by Defendant Repossessors, a resident of the State of Minnesota, and will be named and identified in Plaintiff's amended complaint after discovery has been commenced in this matter. Upon information and belief, Defendant John Doe Agent is a "debt collector" as

2

defined by 15 U.S.C. § 1692a(6) for the purposes of liability under 15 U.S.C. § 1692f(6).

8.   Defendant, John Doe Repossession Agent #2 (hereinafter "Defendant John Doe Agent #2"), is, upon information and belief, a natural person employed by Defendant Repossessors, a resident of the State of Minnesota, and will be named and identified in Plaintiff's amended complaint after discovery has been commenced in this matter. Upon information and belief, Defendant John Doe Agent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) for the purposes of liability under 15 U.S.C. § 1692f(6).

## FACTUAL ALLEGATIONS

### PLAINTIFF OBTAINS A LOAN WITH DEFENDANT BOTW FOR THE FINANCING OF A 2011 CHEVROLET MALIBU

9.   On November 21, 2014, Plaintiff obtained a loan from Defendant BOTW to finance the purchase of a 2011 Chevrolet Malibu (hereinafter "Vehicle").

10.  Plaintiff granted Defendant BOTW a security interest in the Vehicle to secure repayment of the loan Defendant BOTW issued Plaintiff.

11.  Plaintiff's agreement with Defendant BOTW to repay the loan (hereinafter "Loan Agreement") required payment in regular monthly installments.

12.  Plaintiff's Loan Agreement with Defendant BOTW was incurred for personal, family, or household purposes.

13.  Plaintiff's Loan Agreement with Defendant BOTW, therefore, is a "debt" as defined by 15 U.S.C. § 1692a(5).

3

14. Because Plaintiff incurred the debt for personal and family purposes and purchased the Vehicle for such purposes, the entire transaction was a "consumer goods transaction" as defined by Minn. Stat. § 336.9-102(a)(24).

## DEFENDANTS BOTW, REPOSSESSORS, JOHN DOE AGENT #1, AND JOHN DOE AGENT #2 UNLAWFULLY REPOSSESS PLAINTIFF'S VEHICLE

15. When Defendant BOTW did not receive Plaintiff's payment in a timely manner, Defendant BOTW hired Defendant Repossessors to acquire Plaintiff's Vehicle through self-help repossession.

16. Plaintiff lives in the Eagle Ridge Apartments (hereinafter "Eagle Ridge") in Osseo, Minnesota.

17. On November 22, 2015, Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 came to Eagle Ridge to conduct a self-help repossession of Plaintiff's Vehicle.

18. At this time, Plaintiff's Vehicle was located within a private, secured, and locked underground parking garage (hereinafter "underground garage") for which Eagle Ridge limited access to paying residents of the apartment complex and its employees.

19. Such access was granted as part of the monthly rent Plaintiff paid.

20. Access through the primary overhead entry and exit door of the underground garage requires use of an electronic key card issued by Eagle Ridge management.

21. The electronic key cards are only distributed to paying tenants and employees of Eagle Ridge.

4

22.    On November 22, 2015, Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 entered onto Eagle Ridge's private property and gained unauthorized access to the underground garage where Plaintiff's Vehicle was located.

23.    Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 gained unauthorized access to the underground garage through stealth, trickery, and deception; sneaking under the garage door before it closed after another vehicle had exited.

24.    After gaining unauthorized access to the underground garage, Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 located Plaintiff's Vehicle and unlawfully repossessed the Vehicle from the underground garage in breach of the peace as a result of the unlawful trespass.

25.    While trespassing, Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 tampered with the garage door system in order to complete the unlawful repossession.

**EVENTS WHICH TRANSPIRED AFTER DEFENDANTS BOTW, REPOSSESSORS, JOHN DOE #1, AND JOHN DOE #2 UNLAWFULLY REPOSSESSED PLAINTIFF'S VEHICLE**

26.    At or about 7:00 P.M. on November 22, 2015, Plaintiff entered the underground garage to get in his Vehicle but noticed that it was not in the parking space where he had left it earlier that morning.

27.    Consequently, Plaintiff assumed his Vehicle had been stolen and immediately placed a telephone call to the Maple Grove Police Department.

28.     A dispatcher at the Maple Grove Police Department informed Plaintiff that his Vehicle had been reported as being repossessed and provided him with a telephone number to call for more information.

29.     On November 23, 2015, Plaintiff contacted Defendant Repossessors by telephone and spoke with an unidentified representative in an attempt to determine the amount of money he would have to pay in order to pick up his Vehicle and obtain his personal property from the Vehicle.

30.     Thereafter, Plaintiff placed a telephone call to Defendant BOTW to discuss repayment options and the amount of money he would need to pay in order to get his Vehicle back.

31.     As a result of Defendants' actions, Plaintiff has suffered emotional distress, out-of-pocket damages, loss of sleep, anger, anxiety, embarrassment, and humiliation.

## TRIAL BY JURY

32.     Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692f(6)

**Against Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2**

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     Under 15 U.S.C. § 1692f(6), the FDCPA prohibits debt collectors, such as Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2, from enforcing a security interest against a debtor's property in the absence of a present right to possession of the collateral.

35.     Without a present legal right to possess Plaintiff's Vehicle while in the private, secured, and locked underground parking garage, Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 engaged in a self-help repossession on November 22, 2015 by trespassing into the underground parking garage that Plaintiff rented from Eagle Ridge, in violation of 15 U.S.C. § 1692f(6).

36.     Pursuant to 15 U.S.C. § 1692k(a), Plaintiff is entitled to recover, from Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2, actual damages, including mental and emotional distress, statutory damages of $1,000.00, costs, and reasonable attorney's fees.

## COUNT II.

## WRONGFUL REPOSSESSSION

## MINN. STAT. § 336.9-609

### Against Defendants BOTW, Repossessors, John Doe Agent #1, and John Doe Agent #2

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     Defendants BOTW, Repossessors, John Doe Agent #1, and John Doe Agent #2 had no present legal right to possess Plaintiff's Vehicle under Minn. Stat. § 336.9-609.

39.   Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2, acting in their capacity on behalf of Defendant BOTW, gained unauthorized access to the underground parking garage at Eagle Ridge through stealth, trickery, and deception, thereby breaching the peace.

40.   Defendants' self-help repossession on November 22, 2015 was therefore conducted without a present right to possession, in violation of Minn. Stat. § 336.9-609.

41.   Further, Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 trespassed into a private, secured, and locked underground parking garage in order to locate and repossess Plaintiff's Vehicle.  Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2's unauthorized entry or entry by trespassing onto Eagle Ridge's private property, and entering into the private, secured, and locked underground parking garage to conduct the repossession, was a breach of the peace under Minnesota law, in violation of Minn. Stat. § 336.9-609.  *Bloomquist v. First Nat'l Bank of Elk River*, 378 N.W. 2d 81, 86 (Minn. App. 1985) (breaking and entering debtor's property to repossess collateral constituted a breach of the peace); *Thompson v. First State Bank of Fertile*, 709 N.W. 2d 307, 311 (2006) (holding that entering a closed building or a closed gate to repossess collateral can be a breach of the peace.)

42.   The duty to conduct self-help repossessions without breaching the peace is a non-delegable obligation of creditors under Minnesota law.

43.   Thus, Defendant BOTW is liable to Plaintiff to the full extent of the liability of Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 for their breach of the peace.

44.   Pursuant to Minn. Stat. § 336.9-625, Plaintiff is entitled to recover from each of the Defendants BOTW, Repossessors, John Doe Agent #1, and John Doe Agent #2, statutory damages in the amount of $2,263.93 and actual damages.

## COUNT III.

## CONVERSION

**Against Defendants BOTW, Repossessors, John Doe Agent #1,
and John Doe Agent #2**

45.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.   Defendants intentionally interfered with Plaintiff's use of his property, without a claim of right, by repossessing his Vehicle in violation of Minn. Stat. § 336.9-609.

47.   Defendants intentionally interfered with Plaintiff's use of the property i.e., the Vehicle, without a claim of right by refusing to allow Plaintiff possession of the Vehicle itself.

48.   Plaintiff has suffered an absolute deprivation of his property rights and is entitled to recovery for the full value of the Vehicle and the full value of loss of use of his property due to damages by Defendants.

## COUNT IV.

## TRESPASS

### Against Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2

49.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.   Plaintiff resides at Eagle Ridge Apartments, rents a parking space, and stores his Vehicle in a private, secured, and locked underground parking garage.

51.   Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 did not obtain consent to enter the private, secured, and locked underground parking garage from either Plaintiff or management at Eagle Ridge.

52.   The Loan Agreement that Plaintiff signed with Defendant BOTW did not give Defendant BOTW or its agents, Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2, consent to enter onto Eagle Ridge's private property to repossess Plaintiff's Vehicle.

53.   Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 unlawfully entered into the private, secured, and locked underground parking garage in order to effectuate a wrongful repossession.  As a result of their trespass, Defendants have caused injury to Plaintiff.

54.   Plaintiff is entitled to an award of damages in an amount to be determined at trial.

## COUNT V.

## INTRUSION UPON SECLUSION

### Against Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2

55.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as
though fully stated herein.

56.     Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 intentionally
intruded upon Plaintiff's solitude, seclusion, and private concerns and affairs during the
self-help repossession of the Vehicle on November 22, 2015.

57.     Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2's intrusion was
substantial, highly offensive to Plaintiff, and would be highly offensive and
objectionable to any reasonable person in Plaintiff's position who had rented private,
secured, and locked underground garage space that was illegally invaded.

58.     Plaintiff had a legitimate expectation of privacy in his solitude, seclusion, and private
concerns and affairs.

59.     As a result of Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2's
intrusion, Plaintiff has suffered emotional distress, out-of-pocket loss, and is entitled to
an award of actual damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment as
follows:

- awarding Plaintiff actual and statutory damages against each of the Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiff reasonable attorney's fees and costs against each of the Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2 pursuant to 15 U.S.C. § 1692k;
- awarding Plaintiff actual and statutory damages against each of the Defendants BOTW, Repossessors, John Doe Agent #1, and John Doe Agent #2 pursuant to Minn. Stat. §336.9-625;
- awarding Plaintiff damages caused by Defendants BOTW, Repossessors, John Doe Agent #1, and John Doe Agent #2's conversion of Plaintiff's property;
- awarding Plaintiff damages caused by Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2's illegal trespass to Plaintiff's property;
- awarding Plaintiff damages caused by Defendants Repossessors, John Doe Agent #1, and John Doe Agent #2's illegal intrusion upon Plaintiff's seclusion; and
- for such other and further relief as may be just and proper.

Dated this 10th day of February, 2016.

By: s/Thomas J. Lyons Jr.
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #:  0249646
Hans W. Lodge, Esq.
Attorney I.D. #: 0397012
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
Email: tommycjc@aol.com
Email: hans@consumerjusticecenter.com

*ATTORNEYS FOR PLAINTIFF*

12

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA                    )
                                      ) ss
COUNTY OF <u>RAMSEY</u>                    )

       I, Jeffrey M. Vonasek, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                    s/Jeffrey M. Vonasek
                    Jeffrey M. Vonasek

Subscribed and sworn to before me
This <u>10th</u> day of February, 2016.


s/Robin J. Rohe Ellsworth
Notary Public

13