UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JEFFREY M. VONASEK, *on behalf of himself and all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>BANK OF THE WEST and REPOSSESSORS, INC.,<br><br>Defendants. | CIVIL NO. 16-342 (DTS) |

**ORDER**

**(1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS;**

**(2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT;**

**(3) APPROVING NOTICE PLAN; AND**

**(4) SETTING FINAL APPROVAL HEARING**

This matter came before the Court[1] on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case entitled <u>Vonasek v. Bank of the West, et al.</u>, United States District Court for the District of Minnesota, Case No. 0:16-cv-342-DTS (the "Action"). In the Action, plaintiff Jeffrey Vonasek ("Plaintiff") pleads claims, individually and on behalf of all others similarly situated, against defendants Bank of the West ("BOTW") and Repossessors, Inc. ("Repossessors" and, together with BOTW, "Defendants").

The Court, being duly advised upon in the premises, upon all of the files, records and proceedings herein, the Court's review of the Parties' Settlement Agreement and Release (the "Agreement"), and the arguments of counsel, now makes and enters the following Order:

IT IS HEREBY ORDERED that Plaintiff's Unopposed Motion for Preliminary Approval of Settlement [Docket No. 51] is GRANTED.

THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. **Settlement Terms**. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2. **Jurisdiction**. The Court has jurisdiction over the subject matter of the Action, the Parties, and all members of the Settlement Class.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the Parties consented to the exercise of jurisdiction by Magistrate Judge David T. Schultz to hear and decide all matters pertaining to Plaintiff's motions for preliminary and final approval of the Settlement. *See Dkt No. 48*.

3. **Scope of Settlement**.  The Agreement resolves all claims alleged in the Amended Class Action Complaint filed in the Action on November 9, 2016.  *See Dkt. No. 40*.

4. **Preliminary Approval of Proposed Settlement**.  The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement.  Based on this preliminary evaluation, the Court finds that: (a) the Settlement is fair, reasonable and adequate, and within the range of possible approval; (b) the Settlement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; (c) with respect to the form of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Ex. B to the Agreement), that notice provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; and (d) with respect to the proposed Notice Program, that the Notice Program constitutes the best notice practicable under the circumstances.  Therefore, the Court grants preliminary approval of the Settlement.

5. **Class Certification for Settlement Purposes Only**.  The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

SETTLEMENT CLASS: "Settlement Class" means the 58 persons (1) who were party to 54 vehicle Retail Installment Contracts ("RICs") with BOTW that were subject to Minnesota law; and (2) whose vehicles subject to such RICs were involuntarily repossessed by or on behalf of BOTW in Minnesota between November 9, 2012 and May 17, 2017; and (3) who made one or more late or partial payments on their RICs that were accepted by BOTW, and thereafter were not provided notice prior to repossession that strict compliance with the contract terms would be required; and (4) who are not party to any previous settlement agreement with BOTW barring the claims alleged in the Action; and (5) who are not party to an arbitration agreement with BOTW requiring arbitration of the claims alleged in the Action; and (6) who did not file for bankruptcy protection after the repossession of their respective vehicles; and (7) who are not the Judges to whom the Action was assigned or any members of the Judges' staff or immediate family members.

6. **In connection with this conditional certification, the Court makes the following preliminary findings**:

(a) The Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

(c) Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

(d) Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

(e) For purposes of determining whether the Settlement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual members of the Settlement Class. Accordingly, the

Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

(f) For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7. **Class Representative**.  For purposes of this Settlement only, the Court appoints Plaintiff to act as the representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8. **Class Counsel**.  For purposes of this Settlement only, the Court appoints Consumer Justice Center P.A. as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. **Final Approval Hearing**.  To be held before the undersigned at **9:00 a.m. on January 25, 2018 in Courtroom 9E of the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415,** or at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether to: (a) finally approve the Settlement as fair, reasonable and adequate to the Settlement Class; (b) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (c) approve the plan of distribution of the Settlement Amount; (d) finally certify the Settlement Class; (e) confirm that Plaintiff and the Settlement Class Members have released all Released

Claims and are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims against the Released Parties; and (f) direct entry of judgment incorporating the terms of the Court's anticipated final order, without costs to any Party, except as provided in the Agreement.  At the Final Approval Hearing, the Court will also determine whether Class Counsel's application for attorneys' fees and expenses, and Incentive Award to Plaintiff, should be granted, and in what amount.  No later than **January 11, 2018**, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the Incentive Award to the Plaintiff.  No later than **January 11, 2018**, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.  If a Settlement Class Member would like to speak at the Final Approval Hearing, he, she or it must file a notice with the Court providing name, address, telephone number and the signature of the Settlement Class Member no later than **January 11, 2018**.

10. **Settlement Administrator**.   Kurtzman Carson Consultants LLC ("KCC") is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

11. **Disclosure of Class Data.** In accordance with the terms of the Agreement, and in furtherance of the Settlement, BOTW is hereby authorized and directed to disclose, on a confidential basis, (a) to the Settlement Administrator and to Class Counsel, the Class List, within 15 days following entry of this Order; and (b) to

Class Counsel the Automated Universal Dataform ("AUD") forms and written requests to delete references to repossession contemplated by the Agreement, in accordance with the terms of the Agreement. The Settlement Administrator and Class Counsel shall maintain the Class List, any AUD forms, and any other information sufficient to identify an individual BOTW customer in a secure and confidential manner, shall not share such documents or data with any other person or entity except as expressly set forth herein or in the Agreement, and shall not use such documents or data for any purpose except implementation of the Settlement, solely as set forth herein or in the Agreement. Class Counsel and the Settlement Administrator shall (1) treat all such information provided by BOTW, including but not limited to the Class List and information derived from the Class List and any AUDs, as confidential; (2) ensure that confidential information is not disclosed to any third party (including affiliates) without BOTW's prior written consent; and (3) protect such confidential information from unauthorized access, acquisition, theft, modification, destruction or loss using commercially reasonable administrative, technical, and physical safeguards implemented using a reasonable degree of care, but not less than the degree of care Class Counsel and the Settlement Administrator respectively use to safeguard their own confidential or proprietary information.

12. **<u>Class Notice</u>**.  The Court approves the proposed Notice Program for giving notice to the Settlement Class directly (using U.S. Mail notice), as more fully described in Plaintiff's Motion and the Agreement.  The Notice Program, in form, method and content, complies with the requirements of Rule 23 of the Federal Rules of

Civil Procedure and due process, and constitutes the best notice practicable under the circumstances. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Program no later than 30 days following entry of this Order ("Notice Deadline").

13. The Settlement Administrator will file with the Court by no later than **January 11, 2018**, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

14. **Opt-Out and Objection Deadline**. Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by **November 25, 2017**, which is 60 calendar days after the Notice Deadline. Persons in the Settlement Class may not both object and opt out. If a person both requests to opt out and objects, the request to opt out will control.

15. **Exclusion from the Settlement Class**. To request exclusion from the Settlement Class, a person in the Settlement Class must follow the directions in the Class Notice and send a compliant request to the Settlement Administrator at the address designated in the Class Notice, postmarked no later than the Opt-Out and Objection Deadline. Exclusion requests must: (a) be signed by the person in the Settlement Class who is requesting exclusion or, in the case of joint account holders, be signed by all holders of the account; (b) include the full name, address, and BOTW Loan Number of the person in the Settlement Class requesting exclusion; and (c) include a statement to the following effect: "I/we request to be excluded from the settlement in the Vonasek action." No request for exclusion will be valid unless all of

the foregoing information is included. In the case of joint account holders, no request for exclusion will be valid as to any individual holder of the account unless all holders of the account join in the request. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

16. The Settlement Administrator will retain a copy of all requests for exclusion and will, upon written request, provide copies of any such requests to counsel for the Parties. Not later than fourteen (14) days before the Final Approval Hearing, the Settlement Administrator will file with the Court a declaration stating the number of exclusion requests received.

17. In the event that the number of valid opt-out requests exceeds three (3) persons, BOTW, in its sole discretion, may terminate the Settlement. BOTW shall inform Class Counsel and RI Counsel within thirty (30) days after the Parties are advised in writing that the number of valid opt-out requests is greater than three (3) persons as to whether BOTW will exercise the right of termination.

18. If a timely and valid exclusion request is made by a person in the Settlement Class, then the Agreement and any determinations and judgments concerning the Settlement will not bind the excluded person.

19. All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments concerning the Settlement.

20. **Objections to the Settlement**.  To object to the Settlement, a Settlement Class Member must follow the directions below and in the Class Notice and file a written objection with the Court by the Opt-Out and Objection Deadline.  Any objecting Settlement Class Member also must mail the objection, postmarked no later than the Opt-Out and Objection Deadline, to each of the following: (a) Class Counsel – Consumer Justice Center P.A., 367 Commerce Court, Vadnais Heights, MN 55127; (b) BOTW Counsel – Skip Durocher, Dorsey & Whitney LLP, 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402; and (c) Repossessors Counsel – Mark Bloomquist, Meagher & Geer, P.L.L.P., 33 South Sixth Street, Suite 4400, Minneapolis, Minnesota 55402.  In connection with an objection, the Settlement Class Member must:  (a) attach documents establishing, or provide information sufficient to allow the Parties to confirm, that the objector is a Settlement Class Member; (b) include a statement of such Settlement Class Member's specific objections; and (c) state the grounds for objection, as well as identify any documents such objector desires the Court to consider.  The Court will not consider an objection unless the objection includes all of the foregoing information.

21. Any Settlement Class Member who fails to timely comply with Paragraph 20 will not be permitted to object to the Settlement at the Final Approval Hearing, will be foreclosed from seeking any review of the Settlement by appeal or other means, will be deemed to have waived his, her or its objections, and will be forever barred from making any objections in the Action or any other related action or

proceeding. All Settlement Class Members will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

22. For any objection filed, the Clerk of the Court is ordered to redact any social security number, street address and telephone number to protect the objector's privacy. The objector's name and city, state and zip code, as well as the objection, will not be redacted.

23. **Stay of Proceedings**. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed, except those related to effectuation of the Settlement.

24. Pending the final determination of whether the Settlement should be approved, Plaintiff and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. Nothing herein will prevent any person in the Settlement Class, or any person actually or purportedly acting on behalf of any such person(s), from taking any actions to stay or dismiss any Released Claim(s). This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's

jurisdiction and to protect its judgments. This injunction does not apply to any person who requests exclusion from the Settlement in accordance with the terms of this Order.

25.    If for any reason whatsoever the Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status as it existed prior to execution of the Agreement and prior to execution of the Settlement Term Sheet, and no doctrine of waiver, estoppel or preclusion will be asserted in any class certification proceeding, in response to any motion seeking to compel arbitration, in any other aspect of the Action or any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Defendants or any other person to establish liability, any defense or any of the elements of class certification, whether in the Action or in any other proceeding.

26.    **Return of Funds Upon Termination.** In the event that the Settlement is not approved, or is terminated, canceled, or final approval is reversed on appeal, or the Settlement fails to become effective for any reason, all funds paid by BOTW and Repossessors shall be returned to BOTW and Repossessors within five (5) business days following the event triggering non-approval, termination, cancellation, or failure to become effective.

27.    **No Admission of Liability**. The Agreement, the Settlement, and any and all negotiations, statements, documents, and/or proceedings in connection with them,

will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by Defendants or any of their affiliates, agents, representatives, vendors, or any other person or entity acting on their behalf. Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement is or may be deemed to be, or may be used as an admission of or evidence of:  (a) the validity of any Released Claim, or of any wrongdoing or liability of Defendants; (b) any fault or omission of Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) waiver of Defendants' right to challenge class certification if this Settlement for any reason does not become final; or (d) waiver of Defendants' right to seek to enforce any arbitration provision in other cases or against persons in the Settlement Class who opt out of the Settlement. In addition, neither the fact of, nor any documents relating to, Defendants' withdrawal from the Settlement, any failure of the Court to approve the Settlement, or any objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may file the Settlement Agreement, any Order entered regarding the Settlement, and/or the judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

28. **<u>Reasonable Procedures to Effectuate the Settlement</u>**.  Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Address Verification Form and other exhibits that they jointly agree are reasonable and necessary.  The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

29. **<u>Schedule of Future Events</u>**.  The following are the deadlines by which certain events must occur:

| **October 25, 2017** | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
|---|---|
| **November 25, 2017** | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **January 11, 2018** | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Incentive Award |
| **January 11, 2018** | Deadline for Parties to file the following:<br><br>(1) Declaration establishing: (a) the number of persons in the Settlement Class who made timely and proper requests for exclusion; and (b) proof of completion of the Notice Program; and<br>(2) Motion and memorandum in support of final approval, including responses to any objections. |

| **January 25, 2018** **9:00 a.m.** | **Final Approval Hearing:** Hon. David T. Schultz United States Magistrate Judge Courtroom 9E United States Courthouse 300 South Fourth Street Minneapolis, Minnesota |
|---|---|

IT IS SO ORDERED.


Dated:  September 22, 2017            *s/ David T. Schultz*
                                      DAVID T. SCHULTZ
                                      United States Magistrate Judge